# CHARLESTON

HAYHURST *et al. v.* HAYHURST.

Submitted June 11, 1912.	Decided February 4, 1913.

1. APPEAL AND ERROR—*Absence 'of Necessary Parties—Disposition of Cause.*
   When the absence of a necessary party is disclosed by the record the decree appealed from will be reversed and the cause remanded with directions to have the absent party brought in. (p. 736).

2. VENDOR AND PURCHASER—*Executors and Administrators—Vendor's Lien—Parties.*
   If pending a suit to enforce a vendor's lien or sell defendant's lands to pay his debts, the defendant dies, his widow is a necessary party, and a decree adjudicating the merits of the

cause in her absence will be reversed on appeal and the cause
remanded to have her brought in by amendment. (p. 737).

3.  APPEAL AND ERROR—*Absence of Necessary Parties—Review.*
    In the absence of necessary parties this Court will not enter
    upon the consideration of other points of error in the decree
    appealed from. (p. 737).

Appeal from Circuit Court, Marion County.

Action by Alcinda Hayhurst and others against James B.
Hayhurst, revived after the death of one of the plaintiffs by
joining the administrator, and by *scire facias* against the ad-
ministrator and heirs of the defendant, also dying *pendente
lite.* Judgment for plaintiffs, and defendant's administrators
appeal.

*Reversed and Remanded.*

*Charles Powell* and *John W. Mason, Jr.,* for appellants.

*Harry Shaw,* for appellees.

MILLER, JUDGE:

The primary object of the bill was two-fold, first to set aside
a deed for breach of covenant of defendant, grantee, to support
and maintain plaintiffs; second, to set aside a subsequent con-
tract relating to certain personal property, alleged to have been
obtained by fraud and duress, and for non-performance of agree-
ments on the part of defendant.

The court below denied the prayer to set aside the deed, but
did set aside the contract; and the bill being broad enough it
was treated  as a bill to enforce the lien reserved in the deed
to secure performance of the covenant for support and main-
tenance, as for purchase money, and for an accounting for the
property obtained under the contract set aside. The cause was
referred to a commissioner to ascertain and report on the mat-
ters referred, and on this appeal the questions presented are
mainly questions of law, raised by exceptions to the commission-
er's report.

Pending the proceedings before the commissioner the sole de-
fendant died, and shortly after him one of the two plaintiffs also
died. After the report of the commissioner the death of both
these parties being for the first time suggested on the record,

the cause was on motion revived in the name of the administrator of the deceased co-plaintiff, and, on *scire facias,* against the administrators and heirs at law of the deceased defendant. The answers of these administrators for the first time disclosed on the record that defendant also left surviving him a widow, dowable of his lands, and a necessary party to the suit to sell decedent's lands, for his debts, if there be a deficiency of personal estate,. which has not yet been shown in the record.

The absence of the widow is covered by one of the exceptions. to the commissioner's report and other errors assigned. But if the question had not been thus presented it would be the duty of this Court to note the absence of necessary party and to reverse the decree, in so far at least as it affects his interest, and to remand the cause with directions to have him brought in. 10. Cyc. Dig. Va. & W. Va. Rep. 760, and many cases cited.

That a widow is a necessary party to a suit to enforce a vendor's lien, and who, on the death of her husband *pendente lite,* must be brought in before final decree, is well settled in this. State. The statute, section 7, chapter 86, Code 1906, makes the widow a necessary party to any suit to sell her husband's lands to pay his debts. But the precise question we have here was presented and decided in *Morris' Admr.* v. *Peyton's Admr.,* 10. W. Va. 1, and authorities cited. In that case, as in this; the court below undertook to adjudicate the merits of the cause, not ready for hearing for the want of necessary and proper parties; and the decree was reversed as and for the same reason that the decree here complained of must be reversed.

In the absence of necessary parties, it would not be proper to enter upon any further consideration of the points of error relied on. *Beckwith* v. *Laing,* 66 W. Va. 247. It is proper we think,. however, that we should warn counsel not to overlook other important rules of practice enunciated in *Bierne* v. *Brown's Admr,* 10 W. Va. 748, and *Sommerville* v. *Sommerville,* 26 W. Va. 482,. approved in *Schilb* v. *Moon,* 65 W. Va. 564, 566.

Decree reversed and cause remanded.

*Reversed and Remanded*.