# Richmond

GEORGE U. BOGGS, ET ALS. v. DUNTON J. FATHERLY, ET ALS.

February 24, 1941.

Record No. 2306.

Present, Holt, Hudgins, Gregory and Spratley, JJ.

*Jeff F. Walter, William King Mapp* and *J. Brooks Mapp,* for the appellants.

*Dunton J. Fatherly,* for the appellees.

HUDGINS, J., delivered the opinion of the court.

On December 3, 1917, Wm. H. Mears and wife conveyed a certain tract of land to L. Floyd Nock, trustee, to secure the payment of a debt of $6,000, evidenced by a note bearing the same date, payable on demand to the order of the Eastern Shore of Virginia Fire Insurance Company and signed by the grantors in the deed of trust.

On the 14th day of April, 1920, L. Floyd Nock, the trustee, died testate. On August 29, 1933, Warner Ames was substituted as trustee in the place and stead of L. Floyd Nock. Warner Ames died on April 7, 1938. Three months later, July 6, 1938, Dunton J. Fatherly was substituted as trustee in the place and stead of Warner Ames.

In September, 1938, George U. Boggs and other lien creditors instituted this suit to subject the real estate owned by Wm. H. Mears to the payment of liens. The commissioner, to whom the cause was referred, reported

that the right to enforce the deed of trust of December 3, 1917, was barred by the statute of limitations. The exceptions to the report, filed by the Eastern Shore of Virginia Fire Insurance Company, holder of the note, and Dunton J. Fatherly, substituted trustee, were sustained by the court and a decree was entered declaring the deed of trust a valid lien. From that decree this appeal was allowed.

The question presented is whether the death of a trustee, who is merely the holder of the naked legal title, extends the right to enforce a deed of trust lien one year beyond the 20-year period of limitation.

Section 5827 of the Code of 1936 provides:

"No deed of trust or mortgage heretofore or hereafter given to secure the payment of money * * * , shall be enforced after twenty years from the time when the original obligation last maturing thereby secured shall have become due and payable; provided that the period of one year from the death of any party in interest shall be excluded from the computation of time; * * * ."

The provision requiring the exclusion of a year from the computation of time was added to the section by an amendment adopted in 1922 (Acts 1922, p. 732). The obligation secured in this deed of trust matured on December 3, 1917, before the 1919 Code was adopted (January, 1920), and, of course, before the 1922 amendment became effective.

Section 5830 provides that, if the right to prosecute an action, suit, *scire facias* or other proceeding exists on the day the Code takes effect, the same may be prosecuted within such time "as the same might have been prosecuted if this chapter (1919 Code, ch. 238) had not been enacted, and not after, * * * ." A similar provision of the Code of 1887 was construed in *Jameson* v. *Rixey,* 94 Va. 342, 26 S. E. 861, 64 Am. St. Rep. 726.

In *Ferguson* v. *Ferguson,* 169 Va. 77, 85, 192 S. E. 774, 776, this is said: "Our legislature has expressly de-

clared in Virginia Code 1936, section 6, a rule of construction for all new statutes, as follows:

" 'No new law shall be construed to repeal a former law, * * * as to any act done, * * * or any right accrued, or claim arising under the former law, or in any way whatever to affect any such * * * act so committed or done, * * * or any right accrued, or claim arising before the new law takes effect; save only that the proceedings thereafter had shall conform, so far as practicable, to the laws in force at the time of such proceedings; * * * ,''

■ It follows that the provisions of section 5827, as amended, are not retroactive; that is, the amendment excluding a year on the death of a party from the computation of time did not affect the period of limitation within which this deed of trust might be enforced.

Appellees virtually concede this construction of the amendment, but they contend that the amendment was simply declaratory of the law existing at the time the amendment was adopted and the lien created. The substance of their contention is that the provisions of section 5809 modify the provisions of 5827 to the extent that "the period of one year from the death of any party shall be excluded from the computation of time within which, by the operation of any statute or rule of law, it may be necessary to commence any proceeding to preserve or prevent the loss of any right or remedy."

■ A similar contention was made in *Barley* v. *Duncan, ante,* page 192, 13 S E. (2d) 294, decided at this session of the Court. The only difference between the two cases is that, in the present case, the object of the suit is to enforce a lien on land created by deed of trust, while, in the *Barley Case,* the object of the suit was to enforce a lien on land created by judgment. It is stated in the opinion in the latter case that while a suit to enforce a lien against land is not a real action within the strict meaning of that term, nevertheless the reason given by Judge Kelly in *Steffey* v. *King,* 126 Va. 120, 101

S. E. 62, for refusing to hold that the provisions of section 5809 modify the provisions of section 6477, applies with equal force to a suit to enforce a lien created by a judgment on land. A judgment is a lien on every piece or parcel of land owned by the judgment debtor. The lien created by a deed of trust is confined to the specific land described therein. A suit to enforce either lien has real estate as its "grist." What was said in *Barley* v. *Duncan* is determinative of the question.

The foregoing discussion is predicated on the assumption that such a trustee is an interested party within the meaning of sections 5809 and 5827. This assumption requires investigation.

The object to be attained, in excluding a year from the death of a party from the computation of time under a statute of limitations, is to give the personal representative of such a party the benefit of a year in which to acquaint himself with the claims for and against the estate, and, as Judge Kelly said in *Steffey* v. *King, supra* [126 Va. 120, 101 S. E. 64], to give "creditors of the estate, with perhaps less reason but with just reciprocity, a corresponding extension of time." There is no claim, for or against the estate of a deceased trustee in the ordinary and usual form of a deed of trust given to secure the payment of a debt, to require the attention of a personal representative. The fact that a person is named such a trustee does not increase or reduce his assets. No duties are imposed upon him except in the event the creditor requires him to make sale of the property. Even if he is requested to make sale he is under no legal or moral obligation to accept the trust. His failure or refusal to conduct the sale does not affect the rights of the owner of the equity of redemption or the beneficiary.

The debtors have the right to discharge the obligation by paying the creditor and requiring him to mark the deed of trust satisfied. This is usually done without the knowledge or consent of the trustee. The trustee

has no power or authority, in the absence of a provision in the instrument itself or an order given him by the beneficiary, to release the lien. When a substituted trustee is appointed, no notice need be given to him if he has removed from the State, has declined to accept the trust, or has resigned; nor is any notice required to be given to the personal representative of such a trustee. Code, section 6299.

"When the legislature provided for the exclusion of 'one year from the death of any party,' it of course meant some party having a right and cause of action." *Steffey* v. *King, supra.* The trustee had no authority or right to institute a suit, action or other proceeding except when required to do so by one of the contracting parties, their heirs, executors, administrators or assigns.

In *New York Life Ins. Co.* v. *Kennedy,* 146 Va. 197, 135 S. E. 882, it was stated that a trustee had no vested contractual right in the enforcement of a deed of trust, that frequently a trustee's name was placed in the instrument without his knowledge or consent, and that there was no consideration or mutuality involved in the transaction. The trial court, over a trustee's objection, appointed commissioners to sell the tracts of land described in the deed of trust. On appeal Judge Campbell (now Chief Justice), speaking for the court, said:

"It is contended by appellants that the appointment of a commissioner, instead of the trustee, to make sale of the properties covered by the deeds of trust, is an impairment of their contract.

"We cannot concur in this contention. The trustee is but the means to the end. While it is usual for the parties to name the trustee, this is not essential to the validity of the deed of trust. If property is conveyed upon trust and no trustee is named, a court of equity will not permit the trust to fail for this reason, but will, upon proper motion, appoint a trustee to execute the trust."

██ Since the trustee is given no authority or right of his own to institute a suit to foreclose a deed of trust, he has no right or remedy to lose or to preserve within the meaning of section 5809.

*Reversed and remanded.*