# Wytheville

## NORA RECTOR, IN HER OWN RIGHT AND AS ADMINISTRATRIX OF THE ESTATE OF S. J. RECTOR, DECEASED V. TAZEWELL COAL & IRON COMPANY, INC.

June 8, 1942.

Record No. 2542.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*Erma Griffith Greenwood* and *A. T. Griffith*, for the appellants.

*R. H. Wilson*, for the appellee.

EGGLESTON, J., delivered the opinion of the court.

Tazewell Coal & Iron Company, Inc., filed a bill in the court below alleging that S. J. Rector had died on March 8, 1940, while indebted to it in a stated sum, evidenced and secured by a vendor's lien on certain real estate in Russell county, which the plaintiff had conveyed to him; that "said S. J. Rector owed many other debts of record which are liens on his real estate"; and that the plaintiff was bringing the suit "on behalf of itself and all other creditors who will come in and share the cost" thereof.

The only parties defendant to the bill were a number of persons alleged to be the decedent's "sole heirs and distributees." Nora Rector, the widow of the decedent, neither in her own right nor as administratrix was made a party defendant.

The bill prayed that, "a decree may be entered to sell the said real estate belonging to said S. J. Rector to pay the indebtedness of said estate and to disburse the remainder, if any, to the heirs entitled thereto."

Two of the defendants, alleged in the bill to be infants, answered by their guardian ad litem. No other answers were filed.

There was a decree of reference directing the taking of certain accounts showing what real and personal property was owned by the decedent, the fee simple and annual rental value of the real estate and the liens thereon and their priorities, and the debts due by the estate.

The commissioner reported that the only real estate owned by the decedent was that which the Tazewell Coal & Iron Company, Inc., had conveyed to S. J. Rector and E. L. Slaughter by deed dated May 29, 1929, on which there was reserved a vendor's lien of $1,500, securing five notes of $300

each, payable one, two, three, four and five years, respectively, after the date of the deed; that subsequently Rector had acquired the interest of Slaughter in the property, subject to the vendor's lien; that all of the notes secured by the vendor's lien, except the last in the principal sum of $300 and due on May 29, 1934, had been paid; and that subject to a lien for taxes, the balance due on the vendor's lien was the first lien on the property. A subordinate deed of trust lien was also reported. The unsecured debts due by the estate were likewise reported.

Although, as we have stated, the administratrix was not made a party to the suit, the commissioner proceeded to inquire into and to settle her accounts. He reported that the amount of cash which the administratrix had received, and partly disbursed, together with the proceeds of certain notes which would become due and payable in October, 1944, would be sufficient to pay the debts of the estate, and that all of these debts, including that secured by the vendor's lien, should be paid by her out of these assets.

To this report the administratrix excepted on the grounds that the commissioner had erred in reporting that there were sufficient funds in her hands to discharge all of the debts due by the decedent (since some of the notes on which the report was predicated were not yet due), and that, in any event, the "primary fund" for the payment of the balance due on the vendor's lien was the real estate on which it was secured and not the assets in the hands of the administratrix.

These exceptions were overruled by the lower court which entered a decree approving the commissioner's report and giving judgments against the administratrix for the unpaid debts due by the estate, amounting to more than $1,500. Included in these items was the debt due the Tazewell Coal & Iron Company, Inc., evidenced by the note of $300, payable May 29, 1934, with accrued interest thereon and secured by the vendor's lien. From this decree the administratrix has appealed.

It is manifest that the decree complained of is erroneous in a number of respects.

■ Upon elementary principles the court had no power to proceed to settle the accounts of the administratrix and to enter judgments against her in a suit to which she was not a party.

■ The administratrix is, of course, accountable for the unmatured and uncollected notes held by her. But in determining what claims she was in a position to pay at the date of the decree, such notes could not be treated as cash. And yet such is the effect of the decree, as we understand it.

■ Moreover, the decree entered judgment against her on the note due to the Tazewell Coal & Iron Company, Inc., and secured by the vendor's lien, although it was barred by the five-year statute of limitations (Code, section 5810). Doubtless if the administratrix had been made a party defendant to the bill, she would have filed a plea of the statute of limitations or otherwise objected to the allowance of this claim out of the assets in her hands.

Since the debt secured by the vendor's lien is barred by the statute of limitations and can not be collected out of the funds in the hands of the administratrix, it is, of course, unnecessary that we decide whether the real estate on which it is secured was the "primary fund" for its payment. As the matter now stands, it is the only source from which it may be collected.

The brief filed by the appellee, Tazewell Coal & Iron Company, Inc., admits that the debt due to it and secured by the vendor's lien is barred by the statute of limitations, and that the claim can not now be enforced against the administratrix. But it contends that the twenty years within which it had the right to enforce the vendor's lien under Code, section 5827 (as amended by Acts 1922, ch. 420, p. 732; Acts 1934, ch. 297, p. 478), has not expired. Consequently, it assigns as cross-error the action of the court in not decreeing a sale of the real estate for the purpose of enforcing this lien.

■ It is true that the fact that the personal liability of the vendee for the purchase money has been barred by the statute of limitations does not bar a suit in equity to enforce the lien, provided the latter is brought within the time prescribed

by section 5827. *Tunstall's Adm'r* v. *Withers*, 86 Va. 892, 896, 11 S. E. 565; *Paxton* v. *Rich*, 85 Va. 378, 382, 7 S. E. 531, 1 L. R. A. 639; *Smith's Ex'x* v. *Washington City, etc., R. Co.*, 33 Gratt. (74 Va.) 617.

■ But both the personal representative and the widow of a deceased vendee are necessary parties to a suit to foreclose a vendor's lien. *Duval* v. *Bibb*, 4 H. & M. (14 Va.) 113, 122, 4 Am. Dec. 506; *Taylor* v. *Forbes' Adm'r*, 101 Va. 658, 665, 44 S. E. 888; *Hayhurst* v. *Hayhurst*, 71 W. Va. 735, 77 S. E. 361, 362. These necessary parties are not before the court here.

■ If the cause is to be continued as a general creditors' suit (as both the commissioner and the lower court seemed to have considered it), and the accounts of the administratrix are to be inquired into and settled, and the real estate resorted to for the payment of unsecured claims, the widow is again a necessary party both in her own right and as personal representative. Barton's Chancery Practice, 3d Ed., p. 196; *Catron* v. *Bostic*, 123 Va. 355, 361, 96 S. E. 845.

The decree appealed from is reversed and the cause is remanded for further proceedings consistent with these views.

*Reversed and remanded.*