SANDRA ALLEN, EXECUTRIX, ET AL.

V. .

BILLY RAY CHAPMAN, ET AL.

Record No. 901027

BILLY ROSS YOUNG, ET AL.

V.

BILLY RAY CHAPMAN, ET AL.

Record No. 901034

YOUNG'S AUTO UPHOLSTERY & SUPPLY COMPANY, INC.

V.

BILLY RAY CHAPMAN, ET AL.

Record No. 901159

June 7, 1991

Present: All the Justices

*Gary P. Arsenault (Cabel C. Mercer; Michael E. Grey; Courtney E. Mercer; Donald C. Grey; Mercer, Grey & Arsenault,* on brief), for appellant. (Record No. 901027)
*Louis Brenner (Cooper, Spong & Davis,* on brief), for appellees. (Record No. 901027)
*Jack E. Ferrebee* for appellants. (Record No. 901034)
*Louis Brenner (Cooper, Spong & Davis,* on brief), for appellees. (Record No. 901034)
*Samuel R. Brown, II (Epps & Brown,* on brief), for appellant. (Record No. 901159)
*Louis Brenner (Cooper, Spong & Davis,* on brief), for appellees. (Record No. 901159)

JUSTICE HASSELL delivered the opinion of the Court.

In three appeals consolidated for review, we consider whether a junior lienor is a party in interest for purposes of Code § 8.01-242, which prescribes a statute of limitations for certain deeds of trust.

On July 11, 1969, Billy Ray Chapman and his wife, Bernadette B. Chapman, sold certain property located on Little Creek Road in Norfolk to Charles Marvin Chapman, Jr. and Margaret M. Chapman.[1] Charles and Margaret Chapman executed a note secured by a deed of trust dated July 11, 1969, for $90,000 payable on demand. The deed of trust, which did not have a maturity date, was properly recorded among the land records in Norfolk.

On October 26, 1973, Charles and Margaret Chapman sold the property to Young's Auto Upholstery & Supply Company, Inc. (Young's Auto). Young's Auto executed a note for $80,000, payable to Charles or Margaret Chapman, and secured by a deed of trust. The deed of trust was recorded among the land records in Norfolk. On September 1, 1982, Young's Auto conveyed the property to Billy Ross Young and Shirley C. Young, and the Youngs assumed the $80,000 note and the deed of trust.

Charles Chapman died testate on April 7, 1988, leaving his estate to his daughter, Sandra Allen. A dispute arose regarding whether the $80,000 deed of trust note payments should be paid to Sandra Allen, the sole beneficiary under Charles Chapman's will, or to Charles or Margaret Chapman as provided by the note.

---

[1] Charles Chapman, now deceased, and Billy Chapman were brothers.

During the course of this dispute, a title examination was conducted, and the Youngs discovered the existence of the $90,000 deed of trust lien. Billy Chapman was asked, but refused, to release the deed of trust. He asserted that the note had never been paid and demanded payment.

The Youngs filed suit against Young's Auto, Sandra Allen, individually and as executrix of the estate of Charles Chapman, Billy Chapman, and others, and sought numerous forms of relief, including a declaration as to whom the deed of trust payments should be paid. The Youngs also requested that Billy and Bernadette Chapman be enjoined from instituting judicial foreclosure proceedings and that the court declare that the 1969 deed of trust lien was invalid.

Billy and Bernadette Chapman filed a motion for substitution of trustee in which they requested that the court appoint two trustees to replace Harold M. Stern, a trustee under the original 1969 deed of trust who had died, and that the substituted trustees be empowered to implement the provisions of the deed of trust. Billy and Bernadette Chapman also filed a bill to foreclose against Margaret Chapman, Young's Auto, the Youngs, Kenneth Ross Johnson, Trustee, and Sandra Allen, individually and as executrix of the estate of Charles Chapman.[2] The trial court entered an order consolidating these suits.

The Youngs, Young's Auto, Sandra Allen, individually and as executrix, and Margaret Chapman argued in the trial court that Code § 8.01-242, which contains a 20-year statute of limitations for the enforcement of a deed of trust which has no maturity date, barred the foreclosure proceeding and, therefore, the foreclosure proceeding should be dismissed. As we have stated, the deed of trust was dated July 11, 1969. The bill to foreclose was filed on October 13, 1989. Billy Chapman and Bernadette Chapman, however, contend that the statute of limitations was extended an additional year because of the death of Charles Chapman, allegedly, a party in interest.

The court held that Charles Chapman was a party in interest and that, upon his death, the statute of limitations was extended by a period of one year. The court ordered the appointment of a

---

[2] Billy and Bernadette Chapman sought a judicial foreclosure, not a foreclosure under the deed of trust.

substitute trustee and permitted the trustee to proceed on the bill to foreclose.

The Youngs, Young's Auto, Sandra Allen, individually and as executrix, and Margaret Chapman argue that the trial court erred in its interpretation of Code § '8.01-242 because, they say, Charles Chapman is not a party in interest. Therefore, his death did not extend the statute of limitations. We disagree.

Code § 8.01-242, in part, states:

> No deed of trust or mortgage given to secure the payment of money, and no lien reserved to secure the payment of unpaid purchase money, in which no date is fixed for the maturity of the debt secured by such deed of trust, mortgage, or lien, shall be enforced after twenty years from the date of the deed of trust, mortgage, or other lien; provided that the period of one year from the death of any *party in interest* shall be excluded from the computation of time . . . .

(Emphasis added). Counsel do not cite any case, nor have we been able to locate any case, wherein this Court has previously interpreted Code § 8.01-242 and the term party in interest in that context. However, on several occasions this Court has discussed the applicable principles which relate to necessary parties in a foreclosure proceeding.

In *Rector* v. *Tazewell Coal & Iron Co.*, 179 Va. 803, 20 S.E.2d 504 (1942), Tazewell Coal & Iron Company filed a bill to foreclose a vendor's lien on certain real estate located in Russell County. Tazewell Coal & Iron Company had conveyed that real estate to S.J. Rector and E.L. Slaughter by deed dated May 29, 1929, on which the grantor reserved a vendor's lien of $1,500, securing five notes. Subsequently, Rector acquired Slaughter's interest in the property, subject to the vendor's lien. Tazewell filed a foreclosure proceeding because one of the notes had not been paid when due. Tazewell did not file an action to collect on the note because such an action would have been barred by the applicable statute of limitations. Rector died and the defendants to the bill were persons alleged to be his "sole heirs and distributees." Nora Rector, the widow of the decedent, was neither a party to the suit in her own right nor as administratrix of the estate. We reversed the decree of the trial court because the administratrix was not a party in the foreclosure proceeding.

Upon elementary principles the court had no power to proceed to settle the accounts of the administratrix and to enter judgments against her in a suit to which she was not a party.
. . . .

It is true that the fact that the personal liability of the vendee for the purchase money has been barred by the statute of limitations does not bar a suit in equity to enforce the lien, provided the latter is brought within the time prescribed by [the Code].

But both the personal representative and the widow of a deceased vendee are necessary parties to a suit to foreclose a vendor's lien. These necessary parties are not before the court here.

*Id.* at 808-09, 20 S.E.2d at 505 (citations omitted). *See Taylor v. Forbes*, 101 Va. 658, 665, 44 S.E. 888, 890 (1903).

█ We have consistently held that a court cannot render a valid judgment when necessary parties to a proceeding are not before the court. *McDougle v. McDougle*, 214 Va. 636, 637, 203 S.E.2d 131, 133 (1974).

Necessary parties include all persons, natural or artificial, however numerous, materially interested either legally or beneficially in the subject matter or event of the suit and who must be made parties to it, and without whose presence in court no proper decree can be rendered in the cause. This rule is inflexible, yielding only when the allegations of the bill state a case so extraordinary and exceptional in character that it is practically impossible to make all parties in interest parties to the bill, and, further, that others are made parties who have the same interest as have those not brought in, and are equally certain to bring forward the entire merits of the controversy as would the absent persons.

This cardinal principle governing as to parties to suits in equity is founded upon the broad and liberal doctrine that courts of equity delight to do complete justice by determining the rights of all persons interested in the subject matter of litigation, so that the performance of the decree rendered in the cause may be perfectly safe to all who are required to obey it and that further litigation touching the matter in dispute may be prevented.

*Kennedy Coal Corporation* v. *Buckhorn Coal Corp.*, 140 Va. 37, 49, 124 S.E. 482, 486 (1924) (*quoting Buchanan Co.* v. *Smith*, 115 Va. 704, 707-08, 80 S.E. 794, 795 (1914)). This rule is designed to prevent a multiplicity of litigation and to avoid depriving a person of his property without giving that person an opportunity to be heard. *McDougle*, 214 Va. at 637, 203 S.E.2d at 133.

■ Indeed, Professor Minor also recognized that junior lienors are necessary parties to a bill to foreclose on a deed of trust.

All incumbrancers existing at the filing of the bill (including, of course, the junior as well as the prior incumbrancers), are to be made parties, partly in order to prevent multiplicity of suits, and that the proceeds of the mortgaged estate may be duly and finally distributed, and partly in order to give security and stability to the purchaser's title, since he can take a title only against the parties to the suit. Besides the incumbrancers, all persons are likewise to be parties who are materially interested, either in the mortgage or in the mortgaged estate.

1 Minor, *The Law of Real Property* § 606 (F. Ribble 2d ed. 1928).

■ We hold that Charles Chapman was a necessary party, as well as a party in interest. Charles Chapman was the mortgagor of the property which is the subject of the foreclosure. He was also the holder of a second deed of trust which secured his note. If the suit to foreclose is successful, then Charles Chapman would no longer have security for his note and, thus, his interest would be directly affected.

Sandra Allen, the Youngs, Young's Auto, and Margaret Chapman further argue that Charles Chapman's death did not extend the statute of limitations for an additional year. We disagree.

■ We have repeatedly articulated established principles that we must apply when a statute is clear and unambiguous.

While in the construction of statutes the constant endeavor of the courts is to ascertain and give effect to the intention of the legislature, that intention must be gathered from the words used, unless a literal construction would involve a manifest absurdity. Where the legislature has used words of a plain and definite import the courts cannot put upon them

a construction which amounts to holding the legislature did not mean what it has actually expressed.

*Barr* v. *Town & Country Properties*, 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990). The language contained in Code § 8.01-242 is clear and unambiguous. Application of the plain meaning rule requires that "the period of one year from the death of any party in interest," which, in this instance, is Charles Chapman, "shall be excluded from the computation of time." Code § 8.01-242.

■ It is true, as Sandra Allen, the Youngs, Young's Auto, and Margaret Chapman argue, that in *Boggs* v. *Fatherly*, 177 Va. 259, 13 S.E.2d 298 (1941), we stated:

The object to be attained, in excluding a year from the death of a party from the computation of time under a statute of limitations, is to give the personal representative of such a party the benefit of a year in which to acquaint himself with the claims for and against the estate, and . . . to give "creditors of the estate, with perhaps less reason but with just reciprocity, a corresponding extension of time."

*Id.* at 264, 13 S.E.2d at 300. *Boggs* involved a trustee of a deed of trust who was not a party in interest as required by Code § 8.01-242 and, therefore, could not avail himself of the extension of time. However, Charles Chapman is both a necessary party and a party in interest and, therefore, applying the plain meaning rule, the running of the statute of limitations is suspended for one year from his death. Additionally, Billy and Bernadette Chapman, creditors of his estate, are entitled to a corresponding extension of time.[3]

Accordingly, the decree entered below will be affirmed.

*Affirmed.*

---

[3] Sandra Allen, the Youngs, Young's Auto, and Margaret Chapman also rely upon this Court's holding in *Steffey* v. *King*, 126 Va. 120, 128, 101 S.E. 62, 64 (1919), in support of their contention that the statute of limitations contained in § 8.01-242 was not extended for a period of one additional year. *Steffey*, however, is clearly distinguishable. In *Steffey*, this Court discussed the legislative history surrounding a former Code provision and held that the statute of limitations was not extended an additional year for a party in an ejectment suit. Neither the rationale contained in *Steffey* nor the legislative history discussed therein is applicable to Code § 8.01-242.