## Richmond

In re JUDITH BARBARA DWYER

No. 1315-93-2

Decided May 31, 1994

438

COUNSEL

Thomas L. Gordon (Gordon, Dodson & Gordon, on brief), for appellant.

OPINION

BARROW, J.—The petitioner, an adult who was adopted as a child, appeals the denial of her petition to set aside the adoption. She contends that the adoption was void for lack of jurisdiction because she was fourteen years old at the time of the adoption order and did not consent to the adoption. *See Carlton v. Paxton*, 14 Va. App. 105, 112-13, 415 S.E.2d 600, 604, *aff'd en banc*, 15 Va. App. 265, 422 S.E.2d 423 (1992). We hold that the adoptive father was a necessary party to the proceeding to set aside the adoption and should have been formally made a party to it. For this reason, we reverse the judgment of the trial court.

■ "[A] void decree or order is a nullity and may on proper application be vacated at any time." *Cofer v. Cofer*, 205 Va. 834, 837, 140 S.E.2d 663, 665-66 (1965). No court can "render a valid judgment when necessary parties to a proceeding are not before the court." *Allen v. Chapman*, 242 Va. 94, 99, 406 S.E.2d 186, 188 (1991). "Necessary parties include all persons, natural or artificial . . . materially interested either legally or beneficially in the subject matter or event of the suit and who must be made parties to it." *Id.* (quoting *Kennedy Coal Corp. v. Buckhorn Coal Corp.*, 140 Va. 37, 49, 124 S.E. 482, 486 (1924)). *See Iron City Sav. Bank v. Isaacsen*, 158 Va. 609, 633, 164 S.E. 520, 528 (1932) (holding indispensable one whose rights and interests in stock are affected).

■ The adoptive father is legally interested in the outcome of this proceeding because his rights may be affected by it. If the adoption is determined to be void, the adoptive father's right to maintenance and support[1] from his adoptive daughter and his right to inherit from her[2] will be terminated. Therefore, he is a necessary party to this proceeding.

---

[1] Code § 20-88.
[2] Code § 64.1-5.1(1).

■ The adoptive father was not made a party to the proceeding. Jurisdiction over a person is "usually obtained by service of process or notice through personal delivery, publication, substituted service or by posting." *Pate v. Southern Bank & Trust Co.*, 214 Va. 596, 597, 203 S.E.2d 126, 127 (1974). None of these means was employed to make the adoptive father a party to this proceeding.

The petition contains a signature purporting to be that of the adoptive father. However, the petition recites that it is on behalf of the adult child seeking to set aside the adoption and, with respect to the adoptive father, says only that "by his signature, [he] consents to the annulment." The record also contains an affidavit, received by the trial court, after it had denied the petition, in which the adoptive father purports to consent to "annulling the adoptive order." While Code § 8.01-431 allows a judgment to be entered upon confession, the provisions are not applicable to this case. *See* Code §§ 8.01-431 *et seq.* Similarly, Code § 63.1-225, addressing how a parent may consent to the adoption of a child, does not provide that an adoptive parent's consent may be used in lieu of making the parent a party in a proceeding to set aside an adoption. No provision allows a person to become a party to a proceeding without being served with process or by appearing before the court "either in person or by some duly authorized agent." *Lockard v. Whitenack*, 151 Va. 143, 153, 144 S.E. 606, 609 (1928). The apparent efforts of the adoptive father to consent to the petitioner's request did not make him a party to the proceeding.

The adoptive father was not a party to the proceeding. He was not actually or constructively served with process as required by statute. He did not appear and submit himself to the jurisdiction of the court, either personally or by counsel. Because he was not a party to the proceeding, but was necessary for its resolution, neither the trial court nor this Court may determine whether the adoption should be set aside.

The trial judge did not state his reasons for denying the petition; however, failure to join a necessary party is not a ground for dismissal. Code § 8.01-5(A). We, therefore, reverse and remand this cause to permit the petitioner an opportunity to make the

adoptive father a party to these proceedings. *See Thornton v. Garr*, 87 Va. 315, 12 S.E. 753 (1891).

*Reversed and remanded.*

Benton, J., and Willis, J., concurred.