## CIRCUIT COURT OF FAIRFAX COUNTY

Stephen E. LeBlanc
and Ellen S. LeBlanc

v.

Reston Homeowners' Ass'n et al.

July 21, 1995

Case No. (Chancery) 137194

BY JUDGE M. LANGHORNE KEITH

This case was taken under advisement on July 7, 1995, to consider the motion of defendants Roger A. Novak, Judy A. Novak, Rex Brown, and Dalia Brown to join parties or dismiss. For the reasons set out below, the motion is denied.

Stephen E. LeBlanc and Ellen S. LeBlanc, Complainants, are owners of a townhome in Lakewinds Cluster, a lake community surrounding Lake Thoreau in Reston, Virginia. Lakewinds Cluster is comprised of forty-six lots. Complainants' property does not have direct access to the lake. On or about May 15, 1994, the Board of Directors of Reston Homeowners Association granted to owners of lots having direct access to Lake Thoreau exclusive rights to permanently moor their water craft directly behind their respective lots. Complainants filed this action against Reston Homeowners Association challenging the policy on several grounds. On April 7, 1995, Roger A. Novak, Judy A. Novak, Rex Brown, and Dalia Brown ("Defendants Novak and Brown"), owners of properties with direct access to Lake Thoreau, filed a motion for leave to intervene which was granted by this Court. Defendants Novak and Brown then filed the motion to join or dismiss now before the Court moving this Court to order Complainants to join all waterfront owners in Reston as necessary parties to this action or, in the alternative, to dismiss Complainants' action.

Dismissal of the action based on nonjoinder of parties defendant must be denied based on Code § 8.01-5(A) which provides as follows:

> No action or suit shall abate or be defeated by the nonjoinder or misjoinder of parties, plaintiff or defendant, but whenever such nonjoinder or misjoinder shall be made to appear by affidavit or otherwise, new parties may be added and parties misjoined may be dropped by order of the court at any time as the ends of justice may require.

Rather than dismissing the action, this Court is required to determine whether the purported parties are necessary parties. *See, Fox v. Deese*, 234 Va. 412, 421-422 (1987).

The Virginia Supreme Court has "consistently held that a court cannot render a valid judgment when necessary parties to a proceeding are not before the court." *Allen v. Chapman*, 242 Va. 94, 99 (1991). *See also, Bonsal v. Camp*, 111 Va. 595, 597-598 (1911); *Buchanan Co. v. Smith*, 115 Va. 704, 707-708 (1914); *McDougle v. McDougle*, 214 Va. 636, 637 (1974); *Mendenhall v. Cooper*, 239 Va. 71, 74-75 (1990).

> Necessary parties include all persons, natural or artificial, however numerous, materially interested either legally or beneficially in the subject matter or event of the suit and who must be made parties to it and without whose presence in court no proper decree can be rendered in the cause. This rule is inflexible, yielding only when the allegations of the bill disclose a state of case so extraordinary and exceptional in character that it is practically impossible to make all parties in interest parties to the bill, and, *further that others are made parties who have the same interest as have those not brought in and are equally certain to bring forward the entire merits of the controversy as would the absent persons.*

*Buchanan*, 115 Va. at 707-708 (emphasis added). The purpose of this rule is to prevent a multiplicity of litigation and to avoid depriving a person of his property without giving that person an opportunity to be heard. *Allen*, 242 Va. at 100.

In the case at bar, it is impracticable to join the estimated 400 to 500 homeowners surrounding Reston's five lakes in this action. Likewise, the interests of these persons are the same as those of the parties to this action, and said parties are certain to bring forward all of the merits of the case as would the absent persons.

Accordingly, the motion is denied.