# CIRCUIT COURT OF THE CITY OF RICHMOND

Marian J. Farris

v.

Virginia Retirement System

January 28, 1998

Case No. HI-1532-4

BY JUDGE RANDALL G. JOHNSON

This is an appeal under the Administrative Process Act (APA), Va. Code § 9-6.14:1 *et seq.*, of a case decision of the Virginia Retirement System (VRS). Presently before the court is VRS' "demurrer" and "pleas in bar." It is VRS' position that the appeal must be dismissed because of what it contends is plaintiff's noncompliance with procedural requirements. The demurrer and pleas will be overruled.

Part Two A of the Rules of the Supreme Court of Virginia sets out certain procedural requirements in appeals under the APA. Rule 2A:2 requires that a notice of appeal be filed in the circuit court to which the appeal is taken within thirty days of service of a case decision, or within thirty-three days of service if service is made by mail. Rule 2A:4(a) provides:

> (a) Within 30 days after the filing of the notice of appeal, the appellant shall file his petition for appeal with the clerk of the circuit court named in the first notice of appeal to be filed. *Such filing shall include all steps provided in Rules 2:2 and 2:3 to cause a copy of the petition to be served (as in the case of a bill of complaint in equity) on the agency secretary and on every other party.*

Emphasis added.

It is the italicized portion of the above rule that is at issue here. Specifically, it is VRS's contention that appellant's filing of her petition for appeal did not "include all steps provided in Rules 2:2 and 2:3 to cause a copy of the petition to be served [as in the case of a bill of complaint in equity] on the agency secretary . . . ."

Rules 2:2 and 2:3 provide, in their entireties:

Rule 2:2. *Commencement of Suits in Equity — The Bill of Complaint.*

A suit in equity shall be commenced by filing a bill of complaint in the clerk's office. The suit is then instituted and pending as to all parties defendant thereto. The statutory writ tax and clerk's fees shall be paid before the subpoena in chancery is issued.

The bill shall be captioned with the name of the court and the full style of the suit. The requirements of Code § 8.01-290 may be met by giving the address or other data after the name of each defendant.

It shall be sufficient for the prayer of the bill to ask for the specific relief sought, and to call for answer under oath if desired. Without more it will be understood that all the defendants mentioned in the caption are made parties defendant and required to answer the bill of complaint; that proper process against them is requested; that answers under oath are waived, except when required by law; that all proper references, inquiries, accounts and decrees are sought; and that such other and further and general relief as the nature of the case may require and to equity may seem meet is prayed for and may be granted. No formal conclusion is necessary.

Rule 2:3. *Copies of Bill of Complaint.*

The plaintiff shall furnish the clerk when the bill is filed with as many copies thereof as there are defendants upon whom it is to be served.

It is not required that copies of exhibits filed with the bill be furnished or served.

A deficiency in the number of copies of the bill shall not affect the pendency of the suit. If the plaintiff fails to furnish the required number of copies, the clerk shall request him to do so, and if he fails to do so promptly, the clerk shall bring the fact to the attention of the judge, who shall notify the plaintiff's counsel, or the plain-

tiff if he have no counsel, to furnish them by a specified date. If the required copies are not furnished on or before that date, the court may enter an order dismissing the suit.

At oral argument, counsel for VRS listed three things that VRS contends are required by Rules 2:2 and 2:3 that were not done by appellant. First, VRS contends that appellant failed to ask the clerk's office to cause service of the petition to be made on VRS. Second, VRS contends that appellant failed to deliver to the clerk a fee for service. Third, VRS contends that appellant failed to provide the clerk with a copy of the petition for service when the petition was filed, or within thirty days of the filing of the notice of appeal. Although appellant acknowledges that she failed to do each of the things that VRS claims she did not do, each of VRS' contentions must be rejected.

With regard to the first contention, that appellant failed to ask the clerk's office to cause service of the petition to be made, Rule 2:2 specifically and unambiguously does away with any requirement that such a request be made. The third paragraph of the rule states that once the other requirements of the rule are met, and *"[w]ithout more"* (emphasis added), "it will be understood that . . . proper process against [defendants] is requested . . . ." This contention by VRS is without merit.

Also without merit is VRS' contention that appellant failed to tender to the clerk's office a fee for service of the petition. There simply is no requirement in any of the rules under consideration that a service fee be tendered at the time the petition is filed. Rule 2A:4 requires appellant to do all of the things in Rules 2:2 and 2:3 to cause a copy of the petition to be served. Neither of those rules contains any mention of a service fee. It is true that "[t]he orderly administration of justice requires that certain rules must be obeyed, however technical they may seem to be." *Mayo v. Commonwealth*, 4 Va. App. 520, 523, 358 S.E.2d 759 (1987). The orderly administration of justice cannot deprive an appellant of her day in court because she did not do something that is *not* required by the rules.

VRS' final contention will also be rejected. Rule 2:3 requires a plaintiff to "furnish the clerk when the bill is filed with as many copies thereof as there are defendants upon whom it is to be served." Appellant concedes that she did not furnish "when the petition [was] filed" a copy of the petition to be served on VRS. Instead, she argues that the third paragraph of Rule 2:3 rescues her cause. That paragraph provides that a failure to furnish service copies "shall not affect the pendency of the suit," but can be cured after the deficiency is brought to the plaintiff's — or, appellant ar-

gues, the appellant's — attention by the clerk or by the court. The question, then, is whether this "savings" provision applies to APA appeals in spite of Rule 2A:4(a)'s requirement that the petition be filed "[w]ithin 30 days of the notice of appeal," and that such filing "shall include all steps provided in Rules 2:2 and 2:3 to cause a copy of the petition to be served . . . ." The court holds that it does.

In arguing that the "savings" provision of Rule 2:3 does not apply to APA appeals, VRS necessarily takes the position that only the first paragraph of Rule 2:3 applies in such appeals, and that it applies literally; that is, that an appellant must do *exactly* what the first paragraph requires to be done. That position, however, cannot be correct. While the court cannot engage in statutory (or rule) construction when a statute (or rule) is clear and unambiguous (*see Moore v. Gillis*, 239 Va. 239, 241, 389 S.E.2d 453 (1990)), statutes (and rules) cannot be interpreted or applied when to do so would create an absurd result:

> In construing statutes, courts are charged with ascertaining and giving effect to the intent of the legislature . . . . That intention is initially found in the words of the statute itself, and if those words are clear and unambiguous, we do not rely on rules of statutory construction or parol evidence, *unless a literal application would produce a meaningless or absurd result.*

*Crown Central Petroleum Corp. v. Hill*, 254 Va. 88, 91, 488 S.E.2d 345 (1997) (emphasis added, citation omitted); *see also Allen v. Chapman*, 242 Va. 94, 100, 406 S.E.2d 186 (1991).

Here, VRS' interpretation of Rule 2:3, as applied through Rule 2A:4(a), would produce absurd results. For example, an appellant who files his or her petition on the first day after the notice of appeal is filed, but who does not furnish service copies of the petition "*when the [petition] is filed*" (emphasis added), would be forever barred from seeking judicial review of the agency action, *even though there are still 29 days left before the 30-day time limit of Rule 2A:4(a) will run.* Similarly, an appellant who appeals a case decision or regulation involving multiple parties, but who inadvertently furnishes one less than the number of service copies required, will also be forever deprived of his or her day in court. Such results are untenable.

The court holds that by incorporating Rules 2:2 and 2:3 into Rule 2A:4(a), the Supreme Court of Virginia intended that *all* of Rules 2:2 and 2:3 be incorporated, including the "savings" provision of Rule 2:3. Because

appellant promptly furnished a service copy of her petition to the clerk's office after being made aware that no copy had previously been furnished, and because VRS has shown no prejudice by appellant's failure to furnish such copy when the petition was filed (in fact, a copy of the petition was mailed to VRS when the petition was filed), the demurrer and pleas in bar will be denied.