# CIRCUIT COURT OF LOUDOUN COUNTY

Hayes

v.

Hayes

February 2, 1999

Case No. (Chancery) 17894

BY JUDGE JEAN HARRISON CLEMENTS

This cause came on to be heard on November 6, 1998, on the motion of the Commonwealth of Virginia, Department of Social Services, Division of Child Support Enforcement ("DCSE") to vacate the child support Decree entered by this Court on August 18, 1998, as corrected *nunc pro tunc* to November 1, 1997. Upon consideration of the record and argument of counsel, DCSE's Motion to Vacate Support Order is granted for the reasons that follow.

The Court's Decree of August 18, 1998, was based upon a hearing held March 2, 1998. In that Decree, the Court ordered the Defendant, Robert L. Hayes, Jr., to pay child support to the Complainant for the benefit of the parties' two minor children in the amount of $156.48 per month and $25.00 per month for arrearages, commencing November 1, 1997.

The Complainant, having received public assistance for the benefit of the parties' children without interruption from June 1, 1995, through June 30, 1998, was an active recipient of public assistance at the time of the March 2, 1998, hearing. DCSE, however, received no notice of that hearing nor of entry of the child-support Decree of August 18, 1998, that resulted from that hearing.

DCSE, given leave to intervene in this matter by Order of October 19, 1998, asserts that pursuant to Virginia Code § 63.1-251, the Complainant, a

recipient of public assistance, subrogated her rights to collect support to DCSE. As the subrogee, DCSE contends, it should have been given notice of and, hence, the opportunity to participate in the March 2, 1998, hearing relating to the determination of child support and arrearages. Because it was not given such notice and opportunity to participate, the August 18, 1998, Decree resulting from that hearing is, according to DCSE, void *ab initio.*

The Court, in this instance, agrees. Virginia Code § 63.1-251 provides:

> Any payment of public assistance money made to or for the benefit of any dependent child or children or their caretaker creates a debt due and owing to the Department [of Social Services] by the person or persons who are responsible for support of such children or caretaker in an amount equal to the amount of public assistance money so paid
> .... .
> *The Department shall be subrogated to the right of such child or children or caretaker to prosecute or maintain any support action or execute any administrative remedy existing under the laws of the Commonwealth of Virginia to obtain reimbursement of moneys thus expended* and may collect on behalf of any such child, children, or caretaker any amount contained in any court order of support or any administrative order of support regardless of whether or not the amount of such orders exceeds the amount of public assistance paid.

(Emphasis added.) Clearly, then, DCSE is entitled under § 63.1-251 to be subrogated to the rights of the Complainant to "prosecute or maintain any support action" until the Commonwealth has been reimbursed for the payment of public assistance to the Complainant for the benefit of the children from June 1, 1995, to June 30, 1998.

As the subrogee, DCSE is, in the opinion of the Court, a necessary and indispensable party, as well as a party in interest, to any action involving support for the parties' children. Its interest would be directly affected by any order establishing or modifying child support. *See, Mendenhall v. Cooper,* 239 Va. 71, 75 (1990). Accordingly, DCSE was entitled to adequate notice of and the right to be heard at any proceeding in this case that involved the determination and payment of support. *See generally Walt Robbins, Inc. v. Damon Corp.,* 232 Va. 43, 47 (1986).

The Complainant was obviously aware that she was a public assistance recipient at the time of the March 2, 1998, hearing; yet she failed to provide notice to DCSE of that hearing. The Defendant also knew, or should have

known, that his children were receiving public assistance benefits, and yet he too failed to provide notice to DCSE.

The Supreme Court of Virginia has "consistently held that a court cannot render a valid judgment when necessary parties to a proceeding are not before the court." *Allen v. Chapman*, 242 Va. 94, 99 (1991). Thus, applying that principle here because DCSE was without notice of the March 2, 1998, hearing and was therefore not before the Court at that proceeding concerning child support, this Court's Decree of Auguat 18, 1998, which was the result of that March 2, 1998, hearing is, as a matter of law, void *ab initio*. *See also, Rook v. Rook*, 233 Va. 92, 95 (1987). Accordingly, DCSE's motion to vacate that Decree is granted. *See In re Dwyer*, 18 Va. App. 437, 438 (1994).