COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, Russell and AtLee
Argued at Fredericksburg, Virginia


WENDIE ANN PALERMO

                                        MEMORANDUM OPINION[*] BY
v.      Record No. 1966-14-4           JUDGE RICHARD Y. ATLEE, JR.
                                              NOVEMBER 17, 2015
STEVEN EPPLE


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Joseph J. Ellis, Judge Designate

Charles E. Powers (Patricia Joshi, Guardian *ad litem* for the minor
child; Batzli Stiles Butler PC; Law Offices of Patricia Joshi, PLLC,
on briefs), for appellant.

Mary Elizabeth White (Law Offices of Mary Elizabeth White,
P.C., on briefs), for appellee.


Wendie Ann Palermo ("mother") appeals an order of the Circuit Court of Stafford

County ("the Stafford Circuit Court") granting visitation with her son T.E. ("the child") to the

child's former stepmother, Ashley Koslicki ("Ashley").  Because we find that all necessary

parties were not joined in the case in the Stafford Circuit Court, we decline to address the merits

of this appeal.  We reverse and remand to the Stafford Circuit Court for joinder of all necessary

parties.

I. BACKGROUND

As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"When reviewing a [circuit] court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Griffin v. Griffin, 62 Va. App. 736, 743, 753 S.E.2d 574, 577 (2014) (alteration in original) (quoting Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003)), aff'd sub nom. Cowser-Griffin v. Griffin, 289 Va. 189, 771 S.E.2d 660 (2015). There is little dispute over the facts underlying this appeal.

Mother and father divorced when the child was an infant. Mother and father have always had joint legal custody of the child. Until the Stafford Circuit Court order at issue in this case, father had primary physical custody of the child, and mother had visitation, pursuant to a court-ordered schedule.[1] Father remarried when the child was still "in diapers." Father's marriage to his new wife, Ashley, lasted for approximately seven years, during which time the child developed a strong bond with Ashley. Eventually, this marriage ended in divorce as well. As part of the divorce proceedings between father and Ashley, the Circuit Court for the City of Fredericksburg ("Fredericksburg Circuit Court") granted Ashley visitation with the child (one dinner per week and one week in the summer).[2] This visitation was granted with father's

---

[1] This has been the arrangement since mother and father divorced, at least as far as this Court is aware, based on the pleadings and appendix. The earliest order in the appendix is an order of the Stafford County Juvenile and Domestic Relations District Court dated September 21, 2011. This order states that "the Father/Respondent shall maintain primary physical custody of the child . . . ." This order itself makes references to two earlier orders ("the custody and visitation order from the Stafford County Circuit Court, dated September 25, 2003, as amended by the order of the Juvenile and Domestic Relations District Court, dated September 11, 2007"), but there is no indication from either party that anyone other than father has ever had primary physical custody of the child.

[2] Although the Fredericksburg Circuit Court's order granting such visitation is not part of the record, neither party disputes the existence of such order or its contents, as they relate to this appeal. The appendix includes a copy of an order of the Fredericksburg Circuit Court which found that father "failed to comply with the Order of this Court entered on January 4, 2013" and required him to "comply with the Court's Order with regard to visitation between [Ashley] and [the child]." We will therefore assume, for the purposes of this opinion, that the Fredericksburg

consent, although mother, apparently, was not a party to the proceeding. At the time the Fredericksburg Circuit Court granted Ashley visitation with the child, father was still the child's primary physical custodian, so all of Ashley's visits came out of father's time with the child, and not out of mother's.

At the hearing to modify custody and visitation at issue in this appeal, which occurred in the Stafford Circuit Court, mother moved the court to give her primary physical custody of the child. No one other than mother and father was a party to the proceeding, and no one other than mother filed any petition. Mother presented various witnesses, including Ashley, who testified about father's frustration of Ashley's visitation with the child.

Ultimately, the Stafford Circuit Court ordered that primary physical custody switch from father to mother. The court granted father visitation on most weekends during the school year. In the summer, the court ordered the child to remain with mother for most of June, and with father for most of July and August.

The judge also addressed visitation between the child and Ashley, although neither mother nor father raised the issue with the court. In his comments from the bench announcing his ruling, the judge, apparently addressing father, stated: "Ashley's visitation will come out of your two months, July and August, for her one weekend [sic] of visitation." The judge then stated: "Mom, you will need to accommodate Ashley[]'s Wednesday or Thursday or whatever visitation visit [sic] during the week." Part 2.D. of the final order states: "The Mother shall accommodate Ashley [] a midweek visitation during the school year. Visitation will be worked out between the two parties."

---

Circuit Court did enter an order granting Ashley the visitation described above. (The validity of such order is not before us in this appeal, and we do not address it.)

Mother timely noted her appeal to his Court, and the guardian *ad litem* ("the GAL"), pursuant to Rule 5A:19(d), subsequently filed a notice in this Court that the GAL "joins in with the Appellant in the appeal of this matter."

## II. ANALYSIS

The necessary party doctrine is a fundamental precept. It states that "[a]ll persons interested in the subject matter of a suit and to be affected by its results are necessary parties." Michael E. Siska Revocable Trust v. Milestone Dev., LLC, 282 Va. 169, 173, 715 S.E.2d 21, 23 (2011) (alteration in original) (quoting Bonsal v. Camp, 111 Va. 595, 598, 69 S.E. 978, 979 (1911)). "It lies at the very foundation of justice, that every person who is to be affected by an adjudication should have the opportunity of being heard in defence, both in repelling the allegations of fact, and upon the matter of law . . . ." Underwood v. McVeigh, 64 Va. (23 Gratt.) 409, 418 (1873). In Siska Trust, the Supreme Court explained the reason for the necessary party doctrine:

> "This cardinal principle governing as to parties to suits in equity is founded upon the broad and liberal doctrine that courts of equity delight to do complete justice by determining the rights of all persons interested in the subject matter of litigation, so that the performance of the decree rendered in the cause may be perfectly safe to all who are required to obey it, and that further litigation touching the matter in dispute may be prevented."

282 Va. at 175, 715 S.E.2d at 24 (quoting Buchanan Co. v. Smyth's Heirs, 115 Va. 704, 708, 80 S.E. 794, 795 (1914)); see also Synchronized Constr. Servs. v. Prav Lodging, LLC, 288 Va. 356, 366, 764 S.E.2d 61, 67 (2014) ("[T]he necessary party doctrine is calculated to ensure that all parties central to a dispute can have their interests resolved, so that absent parties' interests are not adversely affected and participating parties may be awarded complete relief.").

To determine if Ashley is a "necessary party," we look to the definition of that term.

> "Necessary parties include all persons, natural or artificial, however numerous, materially interested either legally or

- 4 -

> beneficially in the subject matter or event of the suit and who must be made parties to it, and without whose presence in court no proper decree can be rendered in the cause. This rule is inflexible, yielding only when the allegations of the bill state a case so extraordinary and exceptional in character that it is practically impossible to make all parties in interest parties to the bill, and, further, that others are made parties who have the same interest as have those not brought in, and are equally certain to bring forward the entire merits of the controversy as would the absent persons."

Allen v. Chapman, 242 Va. 94, 99, 406 S.E.2d 186, 188 (1991) (quoting Kennedy Coal Corp. v. Buckhorn Coal Corp., 140 Va. 37, 49, 124 S.E. 482, 486 (1924)). We find that Ashley fits this definition.

Allen lists exceptions to the necessary party doctrine, but they do not apply. We do not find this to be "'a case so extraordinary and exceptional in character that it is practically impossible to make all parties in interest parties'" to the case. Id. (quoting Kennedy Coal Corp., 140 Va. at 49, 124 S.E. at 486). As far as this Court is aware, the case is missing only one party: Ashley. Nor are we presented with a situation where "'others are made parties who have the same interest as have those not brought in, and are equally certain to bring forward the entire merits of the controversy as would the absent persons.'" Id. (quoting Kennedy Coal Corp., 140 Va. at 49, 124 S.E. at 486). Neither current party has the "same interest" as Ashley. In the zero sum calculation of visitation, any time the child spends with her will be time the child spends away from mother and father. As such, no exception to the necessary party doctrine is present.

Ashley's status as a necessary party also finds support in the Rules. Rule 3:12(a) states:

> *Persons to Be Joined if Feasible.* A person who is subject to service of process may be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest of the person to be

> joined. If such a person should join as a plaintiff but refuses to do
> so, the person may be made a defendant, or, in a proper case, an
> involuntary plaintiff.

Because mother, father, and Ashley all have some form of court-ordered visitation with the child, but only mother and father were parties to the underlying Stafford Circuit Court visitation case, we find that Ashley is a person in whose "absence complete relief cannot be accorded among those already parties" and that "disposition of the action in [Ashley]'s absence may (i) as a practical matter impair or impede [Ashley]'s ability to protect that interest or (ii) leave [mother and father] subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest of [Ashley]." Id.

In this case, we have an additional fact to consider in assessing whether Ashley is a necessary party: she has been awarded visitation in a separate court proceeding.[3] Ashley's status as a party to the Fredericksburg Circuit Court proceeding in which she was awarded visitation with the child means that she is a necessary party to the visitation portion of the Stafford Circuit Court proceeding. The Stafford Circuit Court recognized the involvement of Ashley in its own visitation decision, as her visitation merited a separate discussion in court when the ruling was announced, as well as a separate paragraph in the final order.

Some cases imply that the lack of a necessary party creates a jurisdictional defect, see, e.g., In re Dwyer, 18 Va. App. 437, 438, 445 S.E.2d 157, 158 (1994) ("No court can 'render a

---

[3] The Code recognizes that people other than biological parents have the right to ask for visitation and custody of children. See, e.g., Code § 16.1-241(A) (stating that any party with a legitimate interest, including a former stepparent, may file a visitation petition); Code § 16.1-278.15(B) (stating that courts may award custody and visitation to anyone with a legitimate interest, including a former stepparent, and that "[t]he term 'legitimate interest' shall be broadly construed to accommodate the best interest of the child"); Code § 20-124.2(B) (acknowledging the "primacy of the parent-child relationship" but stating that courts may award custody and visitation to any person with a legitimate interest "upon a showing by clear and convincing evidence that the best interest of the child would be served thereby"); Code § 20-124.1 (stating that the term "'person with a legitimate interest' shall be broadly construed and includes . . . former stepparents").

valid judgment when necessary parties to a proceeding are not before the court.'" (quoting Allen, 242 Va. at 99, 406 S.E.2d at 188)); Harris v. Deal, 189 Va. 675, 686-87, 54 S.E.2d 161, 166 (1949) (invalidating as "absolutely void" a decree that issued without the presence of all necessary parties, and stating that "[a] void judgment is in legal effect no judgment" (citations omitted)). Our Supreme Court has recently made clear that the lack of a necessary party does not vitiate a court's subject matter jurisdiction. Siska Trust, 282 Va. at 181, 715 S.E.2d at 27 ("[W]e hold that the necessary party doctrine does not implicate subject matter jurisdiction . . . .").

Rather, a circuit court may proceed in the absence of a necessary party if it makes certain findings. As the Supreme Court has recently summarized,

> [a] court can choose to proceed without a necessary party if (1) it is "practically impossible" to join a necessary party and the missing party is represented by other parties who have the same interests; (2) the missing party's interests are separable from those of the present parties, so the court can rule without prejudicing the missing party; or (3) a necessary party cannot be made a party, but the court determines that the party is not indispensable.

Marble Techs., Inc. v. Mallon, 290 Va. 27, 32, 773 S.E.2d 155, 157 (2015) (internal quotation marks and citations omitted). See also Rule 3:12(c).

In this case, the Stafford Circuit Court made no such findings. Having failed to make such findings, the Stafford Circuit Court could not proceed in the absence of Ashley.

## III. CONCLUSION

Finding that Ashley is a necessary party and that no exceptions to the necessary party doctrine apply, we cannot reach the merits. See Siska Trust, 282 Va. at 182, 715 S.E.2d at 28; McDougle v. McDougle, 214 Va. 636, 637, 203 S.E.2d 131, 133 (1974); Bonsal, 111 Va. at 598,

69 S.E. at 979. We reverse the judgment of the Stafford Circuit Court and remand for further proceedings consistent with this opinion.[4]

Reversed and remanded.

---

[4] Should mother and father fail to join Ashley in this case on remand, the Stafford Circuit Court is empowered to do so by Code § 8.01-7. See also Code § 8.01-5(A).