Present: All the Justices

MARILYN S. SCHULTZ

v. Record No. 941129       OPINION BY JUSTICE LEROY R. HASSELL
                                June 9, 1995
GERALD A. SCHULTZ, ET AL.

FROM THE CIRCUIT COURT OF HENRICO COUNTY
George F. Tidey, Judge

In this appeal of a decree in a suit to dissolve a corporation, we consider whether a stockholder who has been ordered by a court to take certain action is a necessary party.

Gerald A. Schultz and Marilyn S. Schultz, husband and wife, both certified public accountants, were the sole shareholders, directors, and officers of an accounting firm organized as a Virginia professional corporation, Gerald A. Schultz & Associates, P.C., Inc. Gerald and Marilyn are also litigants in an acrimonious divorce proceeding in the Circuit Court of Middlesex County. The chronology of events in these two suits is important.

The divorce court entered a decree that prohibited Gerald and Marilyn from transferring any assets out of the marital estate. The divorce court appointed a "special master" who determined that the fair market value of Gerald A. Schultz & Associates was $500,000.

Gerald filed this dissolution suit pursuant to Code § 13.1-747 against Gerald A. Schultz & Associates, after the divorce court had entered the decree prohibiting him from transferring assets out of the marital estate. Marilyn was not a named party in this suit. The dissolution court conducted an ore tenus hearing, considered the testimony of several witnesses, including Marilyn, and held that the corporation's board of directors was

"deadlocked."  The dissolution court dissolved the corporation and appointed a receiver.

Subsequently, Marilyn filed a motion to intervene.  She asserted that Gerald sought relief against her personally and that the dissolution suit was filed to circumvent the divorce court's order which had prohibited him from transferring any marital assets.  She also requested in her motion that the court reconsider its order dissolving the corporation, and she sought a dismissal of the order of dissolution.  The dissolution court did not adjudicate her motion.

Marilyn also filed a motion in the divorce proceeding, requesting that the divorce court hold Gerald in contempt of court for violating that court's order enjoining the transfer of any marital assets.  The divorce court informed the dissolution court, by letter, that the value of the corporation was an issue in the divorce proceeding, and that it had enjoined Marilyn and Gerald from transferring any property out of the marital estate.  The dissolution court, by letter, assured the divorce court that "no further Orders or proceedings will be conducted" in the dissolution suit until all matters were resolved in the divorce proceeding or with the concurrence of the divorce court.

Subsequently, without notice to Marilyn or the divorce court, the dissolution court entered an "order approving plan of reorganization and dissolution and compelling production of documents and information."  Marilyn filed a motion requesting that the dissolution court vacate that order.  That court denied the motion, and we awarded Marilyn an appeal.[*]

[*]We find no merit in Gerald's contention that Marilyn's appeal is not timely.

Marilyn argued in her motion to vacate, and asserts on appeal, that the dissolution court erred by entering an order to dissolve Gerald A. Schultz & Associates because, pursuant to Code § 13.1-747(D), she is a necessary party in a suit to dissolve the corporation. Gerald argues that the dissolution court "properly took no action on Mrs. Schultz's Motion to Intervene and made no error in neglecting to include her as a party defendant." We disagree with Gerald. Code § 13.1-747 authorizes a circuit court to dissolve a corporation for certain enumerated reasons including, under certain circumstances, a deadlock in the board of directors. Code § 13.1-747(D) states: "It is not necessary to make directors or shareholders parties to a proceeding to be brought under this section unless relief is sought against them individually."

Gerald alleged, in his bill of complaint, that there were only two shareholders in the corporation, that each shareholder owned 50% of the outstanding shares, and that the directors were "deadlocked." Gerald asked that the court "dissolve the defendant corporation . . . appoint a receiver, and issue such injunctions and orders as may be necessary to preserve corporate assets, and [grant] such further relief as the case may require."

The dissolution court granted the relief that Gerald had requested by entering an order approving the plan of dissolution. That order granted Gerald relief against Marilyn individually in numerous respects. The order directed that Marilyn cooperate with the receiver and provided that she "shall execute such documents, agreements and instruments and produce to the Receiver

in a prompt manner all documents and information requested by the Receiver in connection with the Plan [or] implementation of the Plan." The plan also provided for the formation of a new corporation in which Marilyn would be the sole shareholder. The plan imposed numerous obligations upon Marilyn and her court-ordered new corporation, one of which is to require the corporation to indemnify and hold Gerald A. Schultz & Associates harmless from certain claims.

Certainly, under these facts, Marilyn is a necessary party against whom relief was both sought and granted individually in this suit. And, as we have said, "a court cannot render a valid judgment when necessary parties to a proceeding are not before the court." Allen v. Chapman, 242 Va. 94, 99, 406 S.E.2d 186, 188 (1991); McDougle v. McDougle, 214 Va. 636, 637, 203 S.E.2d 131, 133 (1974). Therefore, we hold that the dissolution court erred by failing to grant Marilyn's motion to vacate the dissolution order.

Accordingly, we will reverse the judgment of the dissolution court. We will direct the dissolution court to vacate the order approving the plan of reorganization and dissolution and compelling production of documents and information. We will also direct the dissolution court to enter an order granting Marilyn's motion to intervene. Additionally, as we previously observed, the value of Gerald A. Schultz & Associates is an issue involved in the divorce proceeding in Middlesex County. Therefore, we will direct the dissolution court to stay all proceedings in the dissolution suit until the divorce proceeding is final.

<u>Reversed and remanded</u>.