Present: Carrico, C.J., Compton, Lacy, Hassell, Keenan, and
Kinser, JJ., and Whiting, Senior Justice

GEORGE ATKISSON, ET AL.
                         OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.   Record No. 970069         October 31, 1997

WEXFORD ASSOCIATES, ET AL.


WEXFORD ASSOCIATES, ET AL.

v.   Record No. 970071

GEORGE ATKISSON, ET AL.

              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      Jane M. Roush, Judge


     In this appeal, we consider whether a court can enforce
a judgment entered in a suit which did not include all the
necessary parties.

     This litigation, which has been active for over 11
years, reaches us in a very unusual procedural posture.
George B. Atkisson and his wife, Carlotta T. Atkisson, filed
their amended bill of complaint against the Fairfax County
Park Authority, Wexford Associates, Inc., and 56 owners of
lots located in the Wendover Subdivision, Section III, in
Fairfax County.  The Atkissons alleged that they owned a
property interest in an easement that provided ingress and
egress to their family cemetery and that the defendants had
constructed obstructions which interfered with the
Atkissons' use of the easement.  The chancellor granted the
defendants' demurrer to the amended bill.  We awarded the
Atkissons an appeal from that judgment, reversed the
judgment by an unpublished order, and remanded the case for

further proceedings.  Atkisson v. Wexford Associates, Inc., Record No. 890169 (April 26, 1989).

Upon remand, the Atkissons nonsuited 38 of the 56 defendants who were lot owners, and the case proceeded against Wexford Associates (a developer), the Fairfax Park Authority, and certain owners of lots in the subdivision. At a 1993 trial, the Atkissons adduced evidence to support their claim that they had a property right in a 15-foot-wide express easement that extended from a county road to the cemetery.

The chancellor held, inter alia, that the Atkissons had an express easement that provided them ingress and egress to the cemetery.  The chancellor established the location of the easement in his final decree which stated in part: "[t]he Court determined that this easement is located across the affected properties in accordance with the express grant contained in the Deed of 1892 located in Fairfax County Land Records. . . .  A view of the easement was taken by the parties and the Court. . . ."  The chancellor did not, however, grant the Atkissons injunctive relief because such relief would have required the property owners to remove improvements such as homes and swimming pools.

In 1993, the chancellor entered a judgment which required that each lot owner whose lot obstructed the easement pay $100 to the Atkissons and that Wexford Associates pay the Atkissons $10,000 in punitive damages. Neither the lot owners nor Wexford Associates appealed the

chancellor's decree. The chancellor also ordered that the Park Authority provide a new easement for the Atkissons on its land.

We awarded the Park Authority an appeal from the 1993 judgment. We held that the evidence adduced at trial supported the trial court's holding that the Atkissons have an express easement which granted them access to the cemetery. We also held, however, that the chancellor was without authority to require the Park Authority to provide a new easement on its land, and we remanded the case with certain directions. Fairfax County Park Authority v. Atkisson, 248 Va. 142, 148-49, 445 S.E.2d 101, 105, cert. denied, 513 U.S. 1058 (1994).

While this proceeding was pending in the trial court upon the second remand, David D. O'Brien and Jane B. O'Brien, owners of a lot in the Wendover Subdivision, learned for the first time of this litigation and that the easement at issue may transverse their property. The O'Briens had purchased their lot from John and Katherine Kowalczyk, who had initially been named as defendants in this suit, but were nonsuited. The Atkissons did not file a lis pendens memorandum in the O'Briens' chain of title, and the O'Briens purchased their lot without any notice, actual or constructive, of this litigation.

Subsequently, the O'Briens filed a petition to intervene and requested that the chancellor vacate the 1993 judgment and award a new trial. The chancellor conducted an

ore tenus hearing and held that the O'Briens were necessary parties and that the dispositive rulings resulting in the 1993 judgment were made after the O'Briens were title owners of the property. The chancellor granted the O'Briens a new trial on all issues and scheduled a trial date.

The Atkissons then filed a petition for writ of mandamus in this Court, asserting that the chancellor acted beyond this Court's mandate by ordering a new trial for necessary parties. We were of opinion that the writ should not issue, and we dismissed the petition. In re: George Atkisson, et al., Record No. 951726 (November 27, 1995).

In pretrial motions, Wexford Associates and certain other defendants asserted that they were not bound by the 1993 judgment and argued that it was void because the O'Briens, who were necessary parties, were deprived of an opportunity to participate in the prior trial. The chancellor, who was not the same chancellor who presided at the first trial, denied this motion because she was of opinion that the O'Briens' interests were "separable" from the interests of these defendants. The chancellor did hold, however, that Wexford and certain other defendants were entitled to participate in subsequent proceedings to the extent these litigants challenged the specific location of the easement.

During the new trial, the chancellor heard evidence which was vastly different from the evidence adduced during the first trial. Consequently, the chancellor made factual

findings which are, in many respects, contradictory to the factual findings made by the other chancellor at the first trial.

Specifically, the chancellor found that the easement at issue was created to provide ingress and egress from a 15-acre parcel to a county road and that the easement was never intended to serve the Atkissons' family cemetery. Thus, the chancellor held that as to the O'Briens and Donald and Joan Hall (defendants in this trial who were not named defendants in the first trial), "there is no express easement on their property that provides access to the cemetery, and that any such attempt to do so would constitute an impermissible additional burden on the servient estate."

The chancellor also held that her ruling did not apply to the defendants who had participated in the first trial because they were bound by the 1993 judgment. Thus, the chancellor's final decree locates an easement which extends from a Fairfax County road, identified as Bird Road, ceases at Halls' property line and the O'Briens' property line, and then recommences on the opposite side of the O'Briens' property line and extends through several other lots until it concludes at the cemetery. Simply stated, the chancellor's decree locates a 15-foot-wide easement which does not permit the Atkissons to travel to and from the cemetery.

Even though the Atkissons made numerous assignments of

error in their brief[*], they have chosen to limit their argument on brief to the following question presented:  "The sole question in this case is whether . . . the refusal of the Circuit Court of Fairfax County to enter an Order pursuant to the Mandate of the Supreme Court of Virginia was proper."  In essence, the Atkissons argue that the trial court erred by failing to comply with this Court's directive that, upon remand, the chancellor

> "enter an order requiring that the lot owners and Wexford Associates provide an easement at their expense for the Atkissons, if the lot owners, Wexford Associates, and the Atkissons can agree upon a location and description of the new easement.  In the event the litigants are unable to agree, then the chancellor is directed to order that Wexford Associates and the lot owners remove any obstructions that interfere with the Atkissons' use of the express easement."

Fairfax County Park Authority, 248 Va. at 149, 445 S.E.2d at 105.

The O'Briens respond that the 1993 judgment cannot be enforced against them because they were necessary parties, and the Atkissons failed to name them as defendants in the first trial.  Wexford Associates and certain other defendants contend that the 1993 judgment is void because the O'Briens were necessary parties who should have been made defendants in the first trial.  Continuing, the

---

[*] We do not consider assignments of error 2, 3, and 4 to the extent such assignments are not addressed in the Atkissons' brief because the failure to discuss these assignments constitutes a waiver.  Rule 5:27, accord Quesinberry v. Commonwealth, 241 Va. 364, 370, 402 S.E.2d 218, 222, cert. denied, 502 U.S. 834 (1991).

defendants assign cross-error to the chancellor's holding that they are bound by the 1993 judgment because, they say, their interests are not separable from the O'Briens' interests.  We agree with the O'Briens and the defendants.

A court cannot render a valid judgment when necessary parties to the proceedings are not before the court.  We have repeatedly articulated this fundamental principle of law.  See Schultz v. Schultz, 250 Va. 121, 124, 458 S.E.2d 458, 460 (1995); Allen v. Chapman, 242 Va. 94, 99, 406 S.E.2d 186, 188 (1991); McDougle v. McDougle, 214 Va. 636, 637, 203 S.E.2d 131, 133 (1974); Patterson v. Anderson, 194 Va. 557, 570, 74 S.E.2d 195, 203-04 (1953); Harris v. Deal, 189 Va. 675, 686, 54 S.E.2d 161, 166 (1949).  Additionally, we have stated:

> "Necessary parties include all persons, natural or artificial, however numerous, materially interested either legally or beneficially in the subject matter or event of the suit and who must be made parties to it, and without whose presence in court no proper decree can be rendered in the cause.  This rule is inflexible, yielding only when the allegations of the bill state a case so extraordinary and exceptional in character that it is practically impossible to make all parties in interest parties to the bill, and, further, that others are made parties who have the same interest as have those not brought in, and are equally certain to bring forward the entire merits of the controversy as would the absent persons.
>
> This cardinal principle governing as to parties to suits in equity is founded upon the broad and liberal doctrine that courts of equity delight to do complete justice by determining the rights of all persons interested in the subject matter of litigation, so that the performance of the decree rendered in the cause may be perfectly safe to all who are required to obey it and that further litigation touching the matter in dispute may be prevented."

<u>Kennedy Coal Corp.</u> v. <u>Buckhorn Coal Corp.</u>, 140 Va. 37, 49, 124 S.E. 482, 486 (1924) (quoting <u>Buchanan Co.</u> v. <u>Smith's Heirs</u>, 115 Va. 704, 707-08, 80 S.E. 794, 795 (1914)). Additionally, this rule is designed to avoid depriving a person of his or her property without giving that person an opportunity to be heard.

Applying the aforementioned principles, we hold that the 1993 judgment is absolutely void and, therefore, no rights are divested or obtained from that judgment. The O'Briens were necessary parties to the first trial because their property rights were affected by the establishment of the express easement and, thus, the O'Briens had a material interest in the outcome of that trial. Hence, the chancellor correctly held that the O'Briens are not bound by the void judgment.

The chancellor erred, however, by enforcing the void judgment against Wexford Associates and certain other defendants. We have stated that a court may enter a decree without prejudice to the rights of an absent party if the absent party's interests are separable from those of the parties before the court. <u>McDougle</u>, 214 Va. at 637, 203 S.E.2d at 133; <u>accord</u> <u>Bonsal</u> v. <u>Camp</u>, 111 Va. 595, 600-01, 69 S.E. 978, 980 (1911). This exception, however, is not applicable here.

The interests of Wexford Associates and the property owners, who were affected by the 1993 judgment, are not separable from the interests of the O'Briens. The Atkissons

admit that the sole purpose of the easement was to permit them to gain ingress and egress from an old county road to their family cemetery. Even though each property owner owned a different and discrete lot, if any lot owner could demonstrate that the express easement did not transverse his or her property, then, the Atkissons could not establish an easement of ingress or egress to the cemetery because the easement would stop short of that destination. Thus, the interests of all the affected lot owners are inseparable.

In view of our holdings, we need not consider the remaining issues raised by the litigants. Rather, we will declare that the 1993 judgment is void and may not be enforced against anyone. We will reverse the chancellor's decree to the extent it seeks to enforce the void judgment. We will enter final judgment in favor of all the defendants and intervenors because the chancellor, in the decree appealed from, held that the evidence in the second trial established that the Atkissons do not have an express easement, and the Atkissons do not challenge the chancellor's findings or legal conclusions other than to state, in a conclusory fashion, that those findings are "directly contrary to the findings of [the] chancellor" who conducted the prior trial.

<u>Affirmed in part</u>,
<u>reversed in part</u>,
<u>and final judgment</u>.