Present: Carrico, C.J., Lacy, Hassell, Keenan, Koontz, and Kinser, JJ., and Poff, Senior Justice

F. TALMADGE JETT, ET AL.

OPINION BY JUSTICE LEROY R. HASSELL, SR.

v.  Record No. 991589                April 21, 2000

PETER J. DEGAETANI

FROM THE CIRCUIT COURT OF NORTHUMBERLAND COUNTY
Joseph E. Spruill, Jr., Judge

In this appeal of a judgment which ordered specific performance of an oral agreement, we consider whether the judgment is unenforceable because the chancellor ordered the defendants to convey an interest in real property to a person who is not a party to this litigation.

Plaintiff, Peter J. DeGaetani, filed a bill of complaint seeking specific performance of an alleged oral contract. He claimed that the defendants, F. Talmadge Jett and Annie May Jett, husband and wife, agreed to convey a parcel of land with improvements to him and his former wife, Joyce Lynn Jett, who was not a party to this litigation.

The following relevant facts were adduced during an ore tenus hearing. The plaintiff and Joyce Jett were married in 1968. F. Talmadge Jett and Annie May Jett (collectively the Jetts) conveyed by deed of gift an unimproved parcel of land in Northumberland County to DeGaetani and Joyce Jett DeGaetani, then husband and wife, as tenants by the entirety. In August 1974, DeGaetani and Joyce Jett borrowed $25,000 from

Franklin Federal Savings & Loan Association to finance the construction of a house on the property. The loan was secured by a first deed of trust on the property. In June 1975, DeGaetani and Joyce Jett borrowed an additional sum of $10,000 from Franklin Federal Savings & Loan Association to complete construction of the house. This loan was secured by a second deed of trust upon the property. In 1976, DeGaetani and Joyce Jett were deemed in default of the deeds of trust.

According to DeGaetani, a conversation occurred among the Jetts, Joyce Jett, and DeGaetani. The Jetts agreed to pay the amounts due under the deeds of trust, and DeGaetani and Joyce Jett agreed to convey the property to the Jetts. Talmadge Jett testified that he was not present when this conversation occurred, but he was aware of the agreement and he was willing to honor it. DeGaetani testified that the Jetts agreed to convey the property to Joyce Jett and DeGaetani at a future date for $36,300, the amount the Jetts paid to Franklin Federal Savings & Loan Association. DeGaetani and Joyce Jett, by a deed recorded in February 1977, conveyed the real property, including the house constructed thereon, to the Jetts.

DeGaetani and Joyce Jett divorced and DeGaetani remarried. DeGaetani, who lives with his wife on the

property, testified that he was ready, willing, and able to pay the Jetts $36,300 for the property.

The chancellor held that DeGaetani proved with clear and convincing evidence that he had a contract with the Jetts that required them to convey the property to him and Joyce Jett for $36,300. The chancellor entered an order which required, among other things, that DeGaetani satisfy certain conditions and pay the Jetts $36,300 before a date certain. DeGaetani satisfied the conditions set forth in the order, and the Jetts were ordered to "convey to the plaintiff, Peter J. DeGaetani, and to Joyce Lynn Jett, as tenants in common, the property which is the subject of this suit."

The Jetts argue that the chancellor erred by ordering them to execute a deed conveying the property to DeGaetani and Joyce Jett because Joyce Jett is a necessary party to this suit, and DeGaetani failed to make her a party to the proceeding. Responding, DeGaetani asserts that Joyce Jett is not a necessary party and, therefore, he was not required to include her as a party in this proceeding. We disagree with DeGaetani.

We have held that a court cannot render a valid judgment when necessary parties to a suit are not before the court. Atkisson v. Wexford Associates, 254 Va. 449, 455, 493 S.E.2d 524, 527 (1997); Asch v. Friends of Mt. Vernon Yacht Club, 251

3

Va. 89, 91, 465 S.E.2d 817, 818 (1996); Schultz v. Schultz, 250 Va. 121, 124, 458 S.E.2d 458, 460 (1995); Allen v. Chapman, 242 Va. 94, 99, 406 S.E.2d 186, 188 (1991); McDougle v. McDougle, 214 Va. 636, 637, 203 S.E.2d 131, 133 (1974).

We have also stated the following principles which are equally pertinent here:

> " 'Necessary parties include all persons, natural or artificial, however numerous, materially interested either legally or beneficially in the subject matter or event of the suit and who must be made parties to it, and without whose presence in court no proper decree can be rendered in the cause. This rule is inflexible, yielding only when the allegations of the bill state a case so extraordinary and exceptional in character that it is practically impossible to make all parties in interest parties to the bill, and, further, that others are made parties who have the same interest as have those not brought in, and are equally certain to bring forward the entire merits of the controversy as would the absent persons.
> 'This cardinal principle governing as to parties to suits in equity is founded upon the broad and liberal doctrine that courts of equity delight to do complete justice by determining the rights of all persons interested in the subject matter of litigation, so that the performance of the decree rendered in the cause may be perfectly safe to all who are required to obey it and that further litigation touching the matter in dispute may be prevented.' "

Kennedy Coal Corp. v. Buckhorn Coal Corp., 140 Va. 37, 49, 124 S.E. 482, 486 (1924) (quoting The Buchanan Company v. Smith's Heirs, 115 Va. 704, 707-08, 80 S.E. 794, 795 (1914)); accord Atkisson, 254 Va. at 455-56, 493 S.E.2d at 527-28.

4

We have also stated that "'[necessary parties'] interests in the subject matter of the suit, and in the relief sought, are so bound up with that of the other parties, that their legal presence as parties to the proceeding is an absolute necessity, without which the court cannot proceed. In such cases the court refuses to entertain the suit, when these parties cannot be subjected to its jurisdiction.'" Bonsal v. Camp, 111 Va. 595, 597-98, 69 S.E. 978, 979 (1911) (quoting Barney v. Baltimore City, 73 U.S. (6 Wall.) 280, 284 (1867)).

We hold that the chancellor lacked the power to proceed with DeGaetani's bill of complaint because Joyce Jett was a necessary party to that litigation. The chancellor's order directed the Jetts to execute and deliver a deed that conveyed the property to DeGaetani and Joyce Jett as tenants in common. The chancellor's order made a determination that Joyce Jett has an interest in the real property as a tenant in common. This order, without question, imposed certain duties and obligations upon her because of her property interests as a tenant in common. Yet, she was not before the court even though she had a material legal interest in the subject matter of the suit.

Contrary to DeGaetani's assertions, no exception exists which would have permitted the chancellor to enter a valid judgment in this suit without Joyce Jett's presence. We held

5

in McDougle that a court may adjudicate a suit when it is practically impossible to join all parties in interest and the absent parties are represented by others having the same interest or when an absent party's interests are separable from those of the parties before the court so that the court may enter an order without prejudice to the rights of the absent party.  214 Va. at 637, 203 S.E.2d at 133.  Here, it was not practically impossible to join Joyce Jett as a party, and her interests are not separable from DeGaetani's interests to the extent that the chancellor could enter an order without prejudice to her rights.  Indeed, the challenged final order conferred upon her the real property rights of a tenant in common with the related duties and obligations.

Accordingly, we will reverse the chancellor's order, and we will remand this proceeding to the circuit court with instructions that it issue an order requiring that DeGaetani convey the property to the Jetts.  The Jetts shall be required to return the $36,300 to DeGaetani.  The remand will be without prejudice to the rights, if any, that DeGaetani may have to join Joyce Jett as a party to any further proceedings.

Reversed and remanded.