## CIRCUIT COURT OF FAIRFAX COUNTY

Lorraine Anderson

    v.

Celeste Corrigan

July 3, 2002

Case No. (Chancery) 176247

BY JUDGE MICHAEL P. MCWEENY

This case came before the Court on June 21, 2002, upon the defendant's Motion to Dismiss. As it was filed as a "one-week motion," no briefs were presented and the Court had no prior opportunity to review the case. Accordingly, the parties were asked to provide copies of certain documents to clarify the issues before the Court.

The following documents have been received: (1) Final Decree of Divorce (Lorraine and John Anderson), dated November 1, 2000; (2) Property Settlement and Separation Agreement, date October 31, 2000; and (3) Quit-Claim Deed, dated June 28, 2001.

The single issue before the Court is whether John W. Anderson is a necessary party to this case. The complainant has filed a Bill of Complaint requesting rescission of the Quit-Claim Deed and injunctive relief. The only parties to the action are the complainant, Lorraine Anderson, and the defendant, Celeste Corrigan. The Quit-Claim Deed in question transferred the interest of Lorraine Anderson and John Anderson, tenants-in-common by operation of law, to Celeste Corrigan.

The relief requested is that "the transfer of her title to [Corrigan] be declared null and void." This necessarily requires the rescission of the Quit-Claim Deed and the retransfer of the property as if it had never existed, i.e. to Lorraine Anderson and John Anderson, tenants-in-common.

Necessary parties include all persons, natural or artificial, however numerous, materially interested either legally or beneficially in the subject matter or event of the suit and who must be made parties to it, and without whose presence in Court no proper decree can be rendered in the cause. This rule is inflexible, yielding only when the allegations of the bill state a case so extraordinary and exceptional in character that it is practically impossible to make all parties in interest parties to the bill, and, further, that others are made parties who have the same interest as have those not brought in, and are equally certain to bring forward the entire merits of the controversy as would the absent person.

*Jett v. DeGaetani*, 259 Va. 616, 619, 528 S.E.2d 116-20 (2000) (internal citations omitted).

To rescind the Quit-Claim Deed all parties to the transaction are necessary parties. Mr. Anderson, like the former wife in the Jett case, must be a party to an action which seeks to have an interest in real property conveyed back to him. The Bill of Complaint does not request directly that Mr. Anderson receive any interest; however, it is the natural effect of the prayer being granted.

Having found Mr. Anderson to be necessary party, the Court still denies the Motion to Dismiss at this time. The Complainant may join her ex-husband as a party, and she is granted sixty days from the date of the Decree denying dismissal to take said action. Failure without good cause to join the party within the sixty days will be grounds for dismissal.