# CIRCUIT COURT OF ARLINGTON COUNTY

John Davis et al.

v.

James Davis et al.

Case No. (Civil) 06-690
Consolidated with Case No. (Chancery) 05-760
and Case No. (Civil) 06-769

Davis Apartments, L.L.C.,
and John Davis

v.

Janice Davis,
James Davis,
Daniel Davis,
and George Davis

Case No. (Chancery) 05-760

George Davis,
Trustee

v.

James Davis,
Trustee, et al.

Case No. (Civil) 06-769

February 16, 2007

524

BY JUDGE JOANNE F. ALPER

This matter comes before the Court on Defendants Daniel Davis, James Davis, and Janice Davis' ("the defendants") motion for partial summary judgment. Having taken the matter under advisement and reviewed the memoranda and arguments of counsel for the parties, the Court concludes that the action taken by written consent under the Operating Agreement has annulled the authority of Trichilo, Bancroft, McGavin, Horvath & Judkins, P.C., to represent Admiralty Apartments, L.L.C., Bailey House Apartments, L.L.C., Davis Apartments, L.L.C., and Thomas F. Davis Apartments, L.L.C. ("the L.L.C.s"). The motion primarily sought the dismissal of the action filed by the L.L.C.s pursuant to the majority decision of the members as evidenced by the written consents; included among the matters in the written consents was the revocation of the authority of current counsel for the L.L.C.s to continue to represent them in these matters. Since the Court has previously ruled that, as a matter of law, the L.L.C.s are necessary parties to these actions, that portion of the motion for summary judgment will be denied. However, to the extent that the motion addresses the right of a majority of the members of the L.L.C.s to grant, or revoke, the authority of counsel to represent the L.L.C.s, that motion is granted.

## I. *Factual and Procedural Background*

These consolidated cases arise out of an ongoing dispute among five siblings of the Davis family over the control of four L.L.C.s. Each of the siblings owns a 20% equal share in the L.L.C.s. The issues in this case includes a determination of who controls the L.L.C.s and the allegation that the parties can no longer reasonably maintain their business functions as they have deadlocked as a company for the past three years.

The specific actions before this Court include a Request for Temporary and Permanent Injunction; Declaratory Judgment; Judicial Dissolution of the L.L.C.s or, in the alternative, the Expulsion of James Davis, Daniel Davis, and Janice Davis; Breach of the Operating Agreements against John Davis and George Davis; Statutory Conspiracy against John Davis and George Davis; Common Law Civil Conspiracy against John Davis and George Davis; Breach of Fiduciary Duty against John Davis and George Davis; and George Davis' Petition for Aid and Direction as the to Margaret Begeny Davis Revocable Trust.

On January 3, 2007, the three pending cases were consolidated for discovery and trial purposes. (Chancery Number 05-760 and Civil Number 06-769, consolidated with Civil Number 06-690.)

## II. *Defendants' James, Daniel, and Janice Davis' Motion for Partial Summary Judgment*

The defendants move this Court for partial summary judgment and to dismiss the Second Amended Petition filed jointly by the L.L.C.s and John Davis on January 17, 2007, in Civil Number 06-690. The defendants maintain that they represent a 60% majority of the membership interests in the L.L.C.s and, under the Operating Agreement, the majority is granted the power and authority to take action on behalf of the L.L.C.s. The defendants allege the action by written consent removed the authority of Trichilo, Bancroft, McGavin, Horvath & Judkins, P.C., to represent the L.L.C.s in bringing and maintaining these actions.

Summary judgment shall be awarded after the parties are at issue, when it appears there is no material issue of fact genuinely in dispute and that the moving party is entitled to judgment as a matter of law. Rule 3:20, Rules of the Supreme Court of Virginia. Rule 3:20 allows the trial court to bring litigation to an end at an early stage when it clearly appears that one of the parties is entitled to judgment as a matter of law. *Carson v. LeBlanc*, 245 Va. 135, 139-40, 427 S.E.2d 189 (1993). The facts are taken from the pleadings filed herein.

## *Written Authority Under the Operating Agreement to Employ Counsel*

Under Virginia Code § 13.1-1023(C)(1), this Court has the authority to "enforce an operating agreement by injunction or by such other relief that the court in its discretion determines to be fair and appropriate in the circumstances." *See also Flippo v. CSC Associates, L.L.C.*, 262 Va. 48, 61,

547 S.E.2d 216, 224 (2001). Under Virginia Code § 13.1-1023(A)(1), "[t]he members of a limited liability company may enter into any operating agreement to regulate or establish the affairs of the limited liability company, the conduct of its business, and the relations of its members."

The five siblings of the Davis Family entered into an Operating Agreement on June 25, 1999, for the "ownership, management, and operation of the Property and all business activities related or incidental thereto." Pl.'s Second Am. Compl. Civil No. 06-690, Ex. 1 at § 2.03. The Operating Agreement envisions all five siblings running the company as equal members of the limited liability companies, unless they decide to appoint a manager. *See Id.* at § 4.01. Under the language of the Operating Agreement, the Members are entitled to make all decisions and take all actions for the Company. However, they can delegate all authority to the Manager including the following: (a) entering into contracts, (b) opening and maintaining bank accounts, (c) collecting funds due to the Company, (d) acquiring or disposing of assets, (e) paying debts and obligations, (f) engaging and removing the authority and responsibility of attorneys, accountants, and consultants, (g) obtaining insurance, (i) borrowing money, and (j) amending the articles. *Id.*

Section 4.03 of the Operating Agreement states that, unless the Agreement provides otherwise, decisions regarding the management or affairs of the Company which requires determination, consent, approval, or agreement of the Members shall be made by the Members holding a majority of the Membership Interests. *See Id.* at § 4.03.

Section 4.04 specifically sets out "Actions Requiring Members Consent," and provides for specific actions which require the consent of Members owning at least 75% or a "super-majority" of the membership interests. *Id.* at § 4.04.

Section 4.12 of the Operating Agreement provides for "Action by Written Consent." This provision enables Members to take action without a meeting "if one or more written consents to such actions are signed by the requisite number of members." *Id.* at § 4.12. Defendants James, Daniel, and Janice Davis argue that they executed an "Action Taken by Written Consent" under § 4.12 of the Operating Agreement, effective September 29, 2006, to annul any purported authority for the law firm of Trichilo, Bancroft, McGavin, Horvath & Judkins, P.C., to maintain the civil action pending by the Second Amended Petition. Defs.' Mot. Partial Summ. J., Ex. 2.

It is this Court's plain reading of the general provision in § 4.01 of the Operating Agreement, along with the more specific provisions of §§ 4.03 and 4.04, that the "Action Taken by Written Consent" by James, Daniel, and Janice Davis is a valid exercise of their membership interests under the terms

of the Operating Agreement. Actions specifically enumerated in § 4.01 only require a simple majority, including § 4.01(f) "Engaging, removing, and changing the authority and responsibility of attorneys, accountants, and consultants." The majority of the Members of the L.L.C.s have taken a valid action by written consent under § 4.01(f) of the Operating Agreement to annual the authority of Trichilo, Bancroft, McGavin, Horvath & Judkins, P.C., to represent the L.L.C.s as a Plaintiff or a Defendant in the pending actions.

### *Davis Family L.L.C.s Standing in the Instant Litigation*

A court cannot render a valid judgment unless all necessary parties to the proceedings are before the court. *See Atkisson v. Wexford Associates*, 254 Va. 449, 455, 439 S.E.2d 524, 527 (1997); *Schultz v. Schultz*, 250 Va. 212, 124, 458 S.E.2d 458, 460 (1995); *Allen v. Chapman*, 242 Va. 94, 99, 406 S.E.2d 186, 188 (1991). The Virginia Supreme Court has defined necessary parties to:

> include all persons, natural or artificial, however numerous, materially interested either legally or beneficially in the subject matter or event of the suit and who must be made parties to it, and without whose presence in court no proper decree can be rendered in the cause. This rule is inflexible, yielding only when the allegations of the bill state a case so extraordinary and exceptional in character that it is practically impossible to make all parties in interest parties to the bill, and, further, that others are made parties who have the same interest as have those not brought in, and are equally certain to bring forward the entire merits of the controversy as would the absent persons.
>
> This cardinal principle governing as to parties to suits in equity is founded upon the broad and liberal doctrine that courts of equity delight to do complete justice by determining the rights of all persons interested in the subject matter of the litigation, so that the performance of the decree rendered in the cause may be perfectly safe to all who are required to obey it and that further litigation touching the matter in dispute may be prevented.

*Atkisson*, 254 Va. at 455, 439 S.E.2d at 527; *Kennedy Coal Corp. v. Buckhorn Coal Corp.*, 140 Va. 37, 49, 124 S.E. 482, 486 (1924) (*quoting Buchanan Co. v. Smith's Heirs*, 115 Va. 704, 707-08, 80 S.E. 794, 795 (1914)).

The L.L.C.s are necessary parties to the declaratory judgment and injunction actions pending in the instant case. The L.L.C.s are required for this Court to determine who is the Manager of the L.L.C.s and the scope of the Manager's authority under the Operating Agreement. The L.L.C.s have a right and interest in the essential subject matter of this litigation. To prevent further litigation, this Court has determined that they are necessary parties as the L.L.C.s will be bound by the rulings in this litigation.

The L.L.C.s as necessary parties must be represented by counsel in order to properly appear before the Court. *See* Va. Sup. Ct. U.P. Rule 1-101, *Representation Before Tribunals*; *see also* Va. Sup. Ct. Rule 1A:4 (stating that, except where a party conducts his own case, a pleading or other paper required to be served shall be invalid unless it is signed by a member of the Virginia State Bar). Since the majority of the Members of the L.L.C. have taken action by written consent under § 4.12 of the Operating Agreement to revoke the authority of Trichilo, Bancroft, McGavin, Horvath & Judkins, P.C., to represent the L.L.C.s in these actions, summary judgment as to the issue of the authority of a majority of the members to hire counsel is granted. Furthermore, the Members of the L.L.C.s must select, by a majority action pursuant to the Operating Agreement, a new attorney to represent the interests of the L.L.C.s in the instant litigation. In order to fairly represent the interests of the L.L.C.s and not the interest of any individual member, this attorney should not be involved in the current litigation.

### III. *Conclusion*

For the foregoing reasons, the Court rules that the motion for partial summary judgment is granted as to the authority of the law firm of Trichilo, Bancroft, McGavin, Horvath & Judkins, P.C., to represent the Davis Family L.L.C.s in these actions. Although the motion for summary judgment seeks dismissal of the action filed by the L.L.C.s, as stated above, the Court has already ruled that they are necessary parties to that action. Since the Operating Agreement permits a majority of the members of the L.L.C.s to retain counsel to represent the L.L.C.s and a majority of the members (James Davis, Daniel Davis, and Janice Davis) constituting 60% have voted to revoke the authority previously granted to Trichilo, Bancroft, McGavin, Horvath & Judkins, P.C., the defendants' motion for summary judgment is granted. As the L.L.C.s must be represented by counsel in this litigation, the Members are directed to retain new counsel, selected by a majority action taken within ten days of the date of this letter.